**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Christopher Logan.

      Plaintiff,

      v.

American Roof Preservers', Inc.,

      Defendant.

17-CV -6639
Judge
Magistrate

**Plaintiff Demands Trial By Jury**

**COMPLAINT**

NOW COMES Plaintiff, Christopher Logan., ("Logan" and/or "PLAINTIFF"), complaining against Defendant, American Roof Preservers', Inc.., (ARP and/or "DEFENDANT"), and in so doing states as follows:

**NATURE OF THE CASE**

1. In this Complaint Plaintiff, Christopher Logan, seeks redress for Defendant's race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and his constructive discharge.

**PROCEDURAL REQUIREMENTS**

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

3. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on alleging violations of Title VII.

*4.* The EEOC investigated the claims and entered a Substantial Evidence Finding In favor of Plaintiff.

4. The commission issued a "Notice of Right to Sue ".

5.     Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the *Notice of Right to Sue.*

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.

7.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8.     Plaintiff Logan is an African American male that resides in Illinois, within the Northern District of Illinois.

9.     Defendant ARP is an Illinois corporation engaged in business and with offices in this Judicial District.

10.     Defendant   is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH CLAIMS ARE BASED

11.     Plaintiff was an employee of Defendant pursuant to Title VII.

12.     Defendant is an employer as defined by Title VII.

13.     Defendant does business in Illinois.

14.     At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

15. On a continuing, ongoing and escalating basis Plaintiff was subjected to repeated remarks, and discriminatory, differential and unfair treatment because of his race.

16. On an ongoing basis, Defendant subjected Plaintiff to race discrimination including as follows.

    a. Plaintiff was subject to racial jokes in Defendant's workplace

    b. Plaintiff was subject to viewing swastikas in the Defendant's workplace

    c. Plaintiff was subject to hang-men's nooses in the Defendant's workplace

    d. Plaintiff was subject to racial slurs in the Defendant's workplace

    e. Plaintiff was subject to being called a Nigger in the Defendant's workplace.

17. Plaintiff was also aware of other African-American's being treated in a similar manner as described above.

18. Defendant otherwise treated Plaintiff less favorably in the terms, conditions, privileges, and responsibilities of his employment, as compared to employees that did not complain.

19. The discrimination affected the terms, conditions and responsibilities of Plaintiff's employment with Defendant.

20. Plaintiff reported/complained about the racial discrimination to Defendant's supervisory personnel.

21. After Plaintiff reported the discrimination, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination rather Defendant constructively discharged Plaintiff.

23. Defendant contributed to, ratified, condoned, accepted, and failed to remedy discrimination, by and through its agents, supervisors and employees, condoned or knew or should have known of the alterations in the terms and conditions of Plaintiff's employment via

3

the aforementioned adverse actions, comments and innuendo of its employees, and failed to take any appropriate remedial measures, despite complaints and reports by Plaintiff.

24.     The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

25.     Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

26.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

# COUNT I

## Race Discrimination and Constructive Discharge under Title VII

27. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant.

28. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was her "employer" covered by and within the meaning of Title VII.

29. At all times relevant to this cause of action Defendant Supervisors and other relevant human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

4

30. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

31. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his race and Defendant had a duty under Title VII to prevent the race discrimination and constructive discharge.

32. Plaintiff has a federally protected right to work in a workplace that is free from race discrimination.

33. Plaintiff reported race discrimination to management and supervisory employees of Defendant.

34. Despite knowledge of the race discrimination, reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment rather committed retaliation against Plaintiff for her complaints.

35. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

36. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

37. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

38. Defendant maintains a work environment that is sexually hostile and that discriminates against female employees.

39. The actions of Defendant in intentionally engaging in and condoning race discrimination and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

40. Plaintiff complained of the racial discrimination and harassment to a number of persons of authority.

41. Plaintiff received no assistance from any of these complaints.

42. Defendant made the work environment so inhospitable for the Plaintiff that he was effectively forced to resign.

43. Constructive discharge of the Plaintiff occurred because the employer made the employee's working conditions so intolerable, due to discrimination and/or harassment, that he or she reasonably feels compelled to resign.

44. Constructive discharge of the Plaintiff occurred because the work environment was made so intolerable that a reasonable person of ordinary sensibilities would have quit his or her job.

45. Here the Plaintiff's working conditions were so intolerable, as described above (including being called a "Nigger") that Plaintiff had no option other than to quit his employment, as he was constructively discharged.

**WHEREFORE**, Plaintiff respectfully requests:

a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

e. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as a result of Defendant's deliberate, intentional, willful, wanton and malicious conduct;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

# JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.

Respectfully submitted,

Dated 9/14/17                        By: _____/S/ John C. Ireland __

Attorney for Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street South Elgin ILL 60177
630-464-9675  FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Atty4employees@aol.com
Attorney Number 6283137